Argued May 22, affirmed July 18, 1978

In the Matter of William G. Brooks,
Alleged to be a Mentally Ill Person
STATE OF OREGON, *Respondent,*
*v.*
WILLIAM G. BROOKS, *Appellant.*
(No. MI 44647, CA 10030)
581 P2d 134

Clifford L. Freeman, Portland, argued the cause and filed the brief for appellant.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

■ This is an appeal from an order finding appellant to be a mentally ill person and committing him to the custody of the State Mental Health Division for a period not to exceed 180 days. The issue is sufficiency of evidence; our review of the matter is de novo on the record. *State v. O'Neill,* 274 Or 59, 545 P2d 97 (1976).

ORS 426.005(2)(a) and (b) defines mentally ill person as follows:

"(2) 'Mentally ill person' means a person who, because of a mental disorder, is either:

"(a) Dangerous to himself or others; or

"(b) Unable to provide for his basic personal needs and is not receiving such care as is necessary for his health or safety."

■ The evidence in this case indicates that, although appellant was suffering from pneumonia, he left Denver, Colorado and traveled by bus to Portland, Oregon, a trip which took approximately 50 hours. Appellant checked into the Veterans Administration Hospital in Portland for treatment of pneumonia. Appellant engaged in disruptive behavior[1] and refused to take tranquilizers. This lead to a notification of mental illness being filed against him by a physician at the hospital. The judge, in finding that appellant's behavior made proper treatment of his medical problems impossible, relied on the statutory provision that he is "unable to provide for his basic personal needs and is not receiving such care as is necessary for his health or safety." ORS 426.005(2)(b). The trial court was correct in so finding.

Affirmed.

---

[1]Testimony of a nurse from the hospital in which appellant was a patient indicated that he had gone through the personal belongings of another patient causing a knife to be drawn against him. Appellant was also said to have threatened the nurse with his fists and threatened to "get" several people who had violated his rights. Appellant denied going through the other patient's belongings.