On appellant's petition for reconsideration filed May 1, petition for reconsideration allowed, former opinion (101 Or App 67, 789 P2d 683) modified and adhered to as modified July 18, 1990

In the Matter of Francis Brungard,
Alleged to be Mentally Ill.

STATE OF OREGON,
*Respondent,*

*v.*

FRANCES BRUNGARD,
*Appellant.*

(8804-95-776; CA A48450)

789 P2d 683

Kirsten Bey, Hillsboro, for petition.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

GRABER, P. J. pro tempore.

**GRABER, P. J.** pro tempore

Appellant petitions for review of our decision, *State v. Brungard,* 101 Or App 67, 789 P2d 683 (1990). We treat the petition as one for reconsideration, ORAP 9.15, allow it and adhere to our earlier opinion.

We write only to address appellant's first point. He argues that we erred in finding that he is chronically mentally ill, because Skall was merely an investigator, not a certified examiner, as required by ORS 426.495(2). Appellant is correct about Skall's qualifications and testimony:

"Q. Mr. Skall, are you certified by the Mental Health Division to perform certain investigations of alleged mentally ill people?

"A. Yes, I am.

"Q. And did you investigate [appellant] in that capacity?

"A. Yes, I did."

OAR 309-33-125 sets forth the criteria for certification of investigators, which are different from the criteria for certification of qualified mental health examiners. OAR 309-33-130.

However, that does not end the inquiry. Drs. Friedman and Grant, whose qualifications appellant does not challenge, provided examination reports. Appellant argues that their statements are "merely repetitions of what the mental health investigator claimed," but the reports state that Friedman and Grant examined appellant themselves. Each report contains a diagnosis that appellant suffers from a chronic major affective disorder. We adhere to our finding that appellant is chronically mentally ill. ORS 426.005(2)(c)(A); ORS 426.495(2).

Petition for reconsideration allowed; former opinion modified and adhered to as modified.