Argued and submitted April 24, affirmed December 16, 1992

In the Matter of
Ann Johnson,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

ANN JOHNSON,
*Appellant.*

(911097350; CA A72018)

843 P2d 985

Michael T. Purcell, Portland, argued the cause and submitted the brief for appellant.

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant appeals from an involuntary commitment order. ORS 426.307(6). The trial court found that, because of a mental disorder, defendant was unable to provide for her basic personal needs and was not receiving the care necessary for her health or safety. ORS 426.005(2)(b). On *de novo* review, we affirm.

At the time of the hearing on October 25, 1991, defendant was 21 years old and three or four months pregnant. She had no money and did not receive Social Security benefits. She had been released from jail and, although her parole officer had sent her to a homeless shelter, she was unable to obtain lodging. Consequently, she spent the night at a bus station. There, she took off most of her clothes and was found outside in the cold. Police apprehended her on October 15, 1991, and took her to a hospital.

Defendant suffered from metabolic starvation. She testified that she ate fast food from a convenience store and that her malnutrition had resulted from the greater nutritional requirements of pregnancy. She had since received vitamins to ameliorate the deficiency. She has a history of drug and alcohol abuse but testified that she had not used those substances since becoming pregnant. The evidence was inconclusive regarding her current use of drugs and alcohol.

■ At the hearing, two examiners said that defendant was not mentally ill, but the trial court disagreed and ordered her committed. Defendant first contends that the court erred by not accepting the examiners' opinions. In *State v. Evjen*, 111 Or App 368, 370, 826 P2d 92 (1992), we held that, under ORS 426.130(1), the trial court must review the examiners' findings but has no obligation to accept them. The court did not err.

■ Defendant next assigns error to the court's conclusion that she is mentally ill. ORS 426.005 provides, in part:

"(2) 'Mentally ill person' means a person who, because of a mental disorder, is * * *

"* * * * *

"(b) Unable to provide for basic personal needs and is not receiving such care as is necessary for health or safety."

Defendant concedes that she has a mental disorder. The court found that, because of that disorder, she was not meeting her basic personal needs or receiving the care necessary for her health and safety.

Basic needs are "those things necessary to sustain life." *State v. Brungard*, 101 Or App 67, 71, 789 P2d 683, *mod* 102 Or App 509, 794 P2d 1257 (1990). They include food and shelter. In *State v. Bunting*, 112 Or App 143, 146, 826 P2d 1060 (1992), we held that

"[a] person is subject to a 'basic needs' commitment * * * if clear and convincing evidence demonstrates that, due to a mental disorder, there is a likelihood that the person probably would not survive in the near future because the person [is] unable to provide for basic personal needs and is not receiving the care necessary for health or safety."

Defendant testified that she could live with her sister or at the YWCA. There was no evidence that her sister, whom defendant had not seen in several years, knew about or was receptive to that plan. Defendant had no income to pay for housing at the YWCA. She had no other feasible plan to secure a place to live. During the hearing, she was verbally aggressive or unresponsive when she was questioned about whether she was able to obtain food and shelter. The facts here are distinguishable from those in *State v. Phyll*, 36 Or App 627, 630, 585 P2d 48 (1978), where we concluded that the defendant's choice to sleep in a bus shelter was "as likely a result of [her] financial position as of her mental condition." Defendant's mental disorder impairs her ability to recognize that shelter is a basic need.

Furthermore, she became seriously malnourished when she was not under a doctor's care. The court did not believe that her temporary success in obtaining food by the time of the hearing showed that she was able to meet her basic need for nutrition despite her mental disorder. We agree. She had no credible plan to acquire adequate nutrition in the future. Her history of failing to follow through with plans for her care demonstrates that she probably would not carry out a plan to obtain food if she had one. She has no family members or friends who will assist her in meeting her nutritional needs. She minimizes the danger that she faces from malnutrition.

We find that defendant is unable to meet her basic personal needs for food and shelter due to her mental disorder. Clear and convincing evidence demonstrates that she is mentally ill. ORS 426.130(1)(b).

Affirmed.