Argued and submitted August 12, 1992, reversed June 2, 1993

In the Matter of Paulita Gill,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

Paulita GILL,
*Appellant.*

(92-01-95224; CA A73526)

853 P2d 304

E. Ted Meece, Portland, argued the cause for appellant. With him on the brief was Deich and Meece, Portland.

Meg E. Kieran, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Appellant challenges a civil commitment order that found her to be mentally ill and released her under certain conditions. ORS 426.125. She argues that the trial court failed to make the necessary findings to establish that she is mentally ill, under ORS 426.005(2). We reverse.

Appellant suffers from schizophrenia and mild retardation. She has a tendency to become agitated and takes medication to stabilize her mental condition. Before hospitalization, she lived with her parents and attended an alternative high school. She was hospitalized because, on two occasions, she hit staff members at a treatment center.

Appellant argues that the court erred in finding that she is mentally ill without finding that she was dangerous to herself, dangerous to others, or unable to provide for her basic needs. The state argues that the court implicitly found that appellant is unable to provide for her basic personal needs.

■ Before ordering a person to be released conditionally under the involuntary commitment statutes, the court must find that the person is mentally ill. ORS 426.130. ORS 426.005(2) provides, in relevant part:

" 'Mentally ill person' means a person who, because of a mental disorder, is one or more of the following:

"(a)  Dangerous to self or others.

"(b)  Unable to provide for basic personal needs and is not receiving such care as is necessary for health or safety."

The trial court's written order provides:

"THE COURT HEREBY ORDERS AS FOLLOWS:

"____  The notification of mental illness is dismissed and the above named person is discharged.

" X_  The Court finds upon clear and convincing evidence that the above named suffers from a mental disorder and:

"____ is dangerous to others.

"____ is dangerous to self.

"____ is unable to provide for basic personal needs and is not receiving such care as is necessary for health or safety.

"____ has stipulated to a civil commitment.

"  X  " The above named is conditionally released pursuant to ORS 426.125 to <u>Vera Gill</u> whose address and phone number are 4075 SE Holgate, for a period not to exceed 180 days. The conditions of such release are attached hereto.

"  ___ " The Court finds that the above named is either unwilling, unable or unlikely to participate in treatment on a voluntary basis, and that a conditional release is either unavailable or not in the above named person's best interest. It is therefore ordered that the above named be committed and promptly delivered to the Mental Health Division for a period not to exceed 180 days."

■ Although the court checked the paragraph indicating that appellant suffers from a mental disorder, it did not check any one of the additional requirements set out in ORS 426.005(2). Consequently, the written findings were inadequate to support the court's order. As the state suggests, we may look to the court's oral statements to clarify the written order. However, after reviewing the record, we find that the court's statements are ambiguous and do not provide the predicate findings that appellant is dangerous to herself, dangerous to others, or unable to care for herself.

■■ We review *de novo, State v. O'Neill*, 274 Or 59, 545 P2d 97 (1976), and may affirm the trial court's ruling on any grounds that were presented to it and that enables us to make the required finding. *State v. Brungard*, 101 Or App 67, 71, 789 P2d 683, *mod* 102 Or App 509, 794 P2d 1257 (1990), *rev den* 311 Or 427 (1991). The state argues that there is clear and convincing evidence of appellant's dangerousness and of her inability to provide for her basic needs. We disagree.

■ Although appellant was involved in altercations with staff at the treatment center, there is not clear and convincing evidence of future danger to herself or others. Her mother, who lived with her, testified that appellant was not dangerous and that she did not fear her. Appellant stated that she had been working with a counselor to control her temper and would continue to do so. She also stated that she would continue her medical treatment. After examining appellant, both examiners concluded that she was not dangerous and recommended that she be discharged.

■     Whether appellant is capable of caring for her basic needs depends on her capacity to survive, either through her own resources or with the help of family or friends. *State v. Stanley*, 117 Or App 327, 843 P2d 1018 (1992). Appellant's mother testified that appellant takes care of her personal needs such as grooming, dressing and eating. Her parents have otherwise supported and cared for appellant throughout her life, and her mother said that they would continue to do so. Both examiners concluded that appellant is able to provide for her basic needs, as required by ORS 426.005(2). We agree.

Reversed.