Submitted on record and briefs April 21, affirmed July 6, 1994

In the Matter of William Herdan,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## William HERDAN,
*Appellant.*

(9309-97225; CA A81547)

882 P2d 606

Martin W. Reeves and Reeves, Kahn & Eder filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Appellant, an alleged mentally ill person, seeks review of an involuntary commitment order. ORS 426.307(6). The trial court found that he is a person who, because of a mental disorder, is unable to provide for his basic needs and is not receiving such care as necessary for health and safety, and that he is a danger to himself. ORS 426.005(2). On *de novo* review, we affirm.

■ Appellant acknowledges that he suffers from a mental disorder (bipolar disorder). He argues, however, that the state failed to establish that he is mentally ill under ORS 426.005(2) because it did not prove by clear and convincing evidence that he is a danger to himself or that he is unable to provide for his basic personal needs.

■■ We conclude that the state did prove by clear and convincing evidence that, because of a mental disorder, appellant is unable to provide for his basic personal needs and, therefore, that he is mentally ill under ORS 426.500(2)(b). Basic needs are those things necessary to sustain life. *State v. Johnson*, 117 Or App 237, 240, 843 P2d 985 (1992). As we explained in *State v. Bunting*, 112 Or App 143, 146, 826 P2d 1060 (1992):

> "A person is subject to a 'basic needs' commitment * * * if clear and convincing evidence demonstrates that, due to a mental disorder, there is a likelihood that the person probably would not survive in the near future because the person is unable to provide for basic personal needs and is not receiving care necessary for health and safety."

Appellant testified that he did not believe that he needed care or treatment and that he could care for himself, but his actions do not support that view. There was evidence that appellant had suffered a serious weight loss in the last few months; his mother testified that he had gone from 180 to 125 pounds. Yet, he testified that he was not aware of any weight loss. His mother also testified that he had not been taking his prescribed medication and that his ability to care for himself deteriorated significantly when he did not take it. Although appellant testified that he would find a place to live, he had no specific plans, and his most recent activities relating to his living situation show his inability to do so. He was

evicted from an apartment for failing to keep it clean and for flooding it; he was turned out of a hotel because, as he explained, "someone would try to hurt me"; he lived in his car until the car was towed. After that, he lived on the street.

A caseworker who had contacted appellant a few months before the hearing testified that appellant told her that he was off his medication and had no place to live. Although at first he indicated that he wanted her assistance, he eventually refused to cooperate with her and refused all offers of help. She said that she later saw him "on occasion on a street corner and different places in Portland gesturing and posturing and talking when no one is there." She also testified that it appeared that he had lost weight. Although he had disability funds available to him and said that he had been picking up those checks, according to his case worker, he had not been doing so. In the opinion of appellant's mother, as well as one of the examiners, he was not able to provide for his basic personal needs.

In circumstances where an alleged mentally ill person lacks the ability to provide for basic needs, but family or friends are available to assist the person, we have determined that commitment is not justified. *See State v. Gill*, 120 Or App 543, 853 P2d 304 (1993). That is not the case here. Although appellant's mother testified at the hearing, she gave no indication that she was willing or able to provide any care for her son. She testified that he has totally isolated himself from his family and has no friends. He also has refused to cooperate with his caseworker.

We conclude that there is clear and convincing evidence that, because of his mental disorder, appellant is unable to meet his basic personal needs, that he is unable and unwilling to obtain the necessary assistance in meeting those needs and that, as a result, there is a likelihood that he may not survive in the near future unless he is hospitalized. Accordingly, we conclude that he is mentally ill, ORS 426.005(2), and should be involuntarily committed.

Affirmed.