Submitted on record and briefs September 22, 2000, reversed May 9, 2001

In the Matter of Mary Blanding,
aka Molly Blanding,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

MARY BLANDING,
aka Molly Blanding,
*Appellant.*

9907-66453; A107470

23 P3d 436

Paul L. Breed filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Michael C. Livingston, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

* Deits, C. J., *vice* De Muniz, J., resigned.

## WOLLHEIM, J.

Appellant appeals a judgment committing her to the Mental Health Division for treatment. The judgment was based on a finding that appellant, because of a mental disorder, is unable to provide for her basic personal needs and is not receiving such care as is necessary for her health and safety. ORS 426.005(1)(d)(B). The trial court also denied appellant a conditional release because it found that she was unwilling, unable, or unlikely to participate in treatment on a voluntary basis. *See* ORS 426.130(1). Appellant contends that none of the findings is supported by clear and convincing evidence as required by ORS 426.130.[1] Appellant also argues that the evidence at trial that appellant was dangerous to herself was too remote to provide an adequate basis for civil commitment. ORS 426.005(1)(d)(A). On *de novo* review, we reverse. *State v. O'Neill*, 274 Or 59, 61, 545 P2d 97 (1976).

In July 1999, Officer Jaeger responded to a call concerning appellant's behavior at a Portland restaurant. While at the restaurant, Jaeger observed appellant repetitively emptying the contents of her purse on to the table and then putting the contents back into her purse. Appellant was laughing in a loud manner and, according to Jaeger, at inappropriate times. Jaeger also observed appellant pour a cup of coffee on herself. Jaeger then took appellant into custody for medical evaluation.

Appellant suffers from bipolar disorder. She has medication to keep the disorder under control. However, because she is a member of the Christian Science church she does not believe in taking the medication. At the time of the hearing, appellant was 45 years old. Appellant does not abuse drugs or alcohol, she owns her own home, does her own shopping and cooking, and has $15,000 in her bank account.

On one occasion, appellant stated she would rather shoot herself than go back to the hospital. However, when

---

[1] Appellant also argues that the court erred by not adequately advising her of her right to retain counsel as required by ORS 426.100. We need not address that argument because we hold that the trial court erred in finding appellant to be unable to provide for her basic needs and not receiving such care as necessary for her health and safety within the meaning of ORS 426.005(1)(d)(B).

questioned about that statement, she testified that she was just joking and denied having any desire to harm herself.

At the hearing, appellant was examined by two mental health professionals. One concluded that she was both dangerous to herself and unable to provide for her basic needs; the other recommended commitment only for the reason that she was dangerous to herself. The trial court concluded that appellant should be committed on the ground that she is unable to provide for her basic personal needs, and therefore ordered her committed to the custody of the Mental Health Division for a period not to exceed 180 days.

On appeal, appellant argues that there is insufficient evidence to find that she is unable to provide for her basic needs. We agree. "Basic needs are 'those things necessary to sustain life.'" *State v. Sea*, 137 Or App 333, 336, 904 P2d 182 (1995) (citing *State v. Brungard*, 101 Or App 67, 71, 789 P2d 683, *mod on recons* 102 Or App 509, 794 P2d 1257 (1990), *rev den* 311 Or 427 (1991)).

> "A person is subject to a 'basic needs' commitment * * * if clear and convincing evidence demonstrates that, due to a mental disorder, there is a likelihood that the person probably would not survive in the near future because the person is unable to provide for basic personal needs and is not receiving care necessary for health or safety." *State v. Bunting*, 112 Or App 143, 146, 826 P2d 1060 (1992).

The record in this case demonstrates that appellant suffers from a mental disorder. However, the record lacks clear and convincing evidence that appellant is unable to provide for her basic personal needs or that she is not receiving care necessary for her health and safety. Appellant owns her own home, does her own shopping, does her own cooking and has approximately $15,000 in a bank account. *See Sea*, 137 Or App at 336 ("appellant is a generally self-sufficient individual, who, despite her mental illness, lives on her own, manages her own affairs, including paying her bills, is well groomed, and is generally well spoken").

The state acknowledges that this is a close case but argues that appellant's refusal to take her medication and continue with treatment increases her disability and disorganization and creates a likelihood that she probably would

not survive in the near future because she would be unable to provide for her basic personal needs.

■　In *Bunting*, we held that the state must prove that, due to the appellant's mental disorder, she is "unable to obtain some commodity (*e.g.*, food and water) or service (*e.g.*, life-saving medical care) without which [s]he cannot sustain life." 112 Or App at 145. With respect to appellant's refusal to take her prescribed medication, "by itself, failing to take medication is not sufficient if it causes only a speculative threat." *State v. Baxter*, 138 Or App 94, 98, 906 P2d 849 (1995). The state has failed to produce evidence that appellant's refusal to take her medication will threaten her survival in the future. Other than testimony that appellant is not "tracking as well" and is "vague in her remembering of things," the evidence indicates she is capable of providing for her basic needs. The state has failed to prove by clear and convincing evidence that appellant is unable to provide for her personal needs and is not receiving such care as is necessary for her health and safety.

■　The state argues that appellant's commitment was appropriate because she is a danger to herself. ORS 426.005(1)(d)(A). The state points particularly to appellant's comment that she would rather shoot herself that go back to the hospital. Like the trial court, we determine that, in context, that comment—which graphically expressed appellant's resistance to commitment—does not provide a clear and convincing basis for commitment. There is no evidence that appellant had any access to weapons or that she had ever attempted to harm herself. Rather, in context, we regard appellant's statement as merely "venting" apprehension, frustration, and opposition to being involuntarily confined. That is insufficient to warrant civil commitment.

Reversed.