250 P.3d 990 (2011)
241 Or. App. 721
In the Matter of T.Z., Alleged to be a Mentally Ill Person.
STATE of Oregon, Respondent,
v.
T.Z., Appellant.
090767868; A143078.
Court of Appeals of Oregon.
Submitted February 24, 2011.
Decided March 30, 2011.
Rebecca Carter filed the brief for appellant.
John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Rene C. Holmes, Senior Assistant Attorney General, filed the brief for respondent.
Before HASELTON, Presiding Judge, and ARMSTRONG, Judge, and DUNCAN, Judge.
PER CURIAM.
Appellant was civilly committed to the Mental Health Division of the Department of Human Services after a hearing. ORS 426.070; ORS 426.130. The trial court found that appellant suffered from a mental disorder, which made her unable to provide for her basic personal needs, and was not receiving the care necessary for her health or safety. ORS 426.005(1)(d)(B). Appellant assigns error to that determination, asserting that there is not clear and convincing evidence in the record to support the court's conclusion that she is unable to provide for her basic needs. The state disagrees and argues that the trial court properly committed appellant to the Mental Health Division.
Appellant has not requested de novo review, and we decline to review the record in this case under that standard. ORS 19.415(3)(b); ORAP 5.40(8); see also State v. B.B., 240 Or.App. 75, 77 n. 2, 245 P.3d 697 (2010) (adhering to the "`presumption against the exercise of discretion' to engage in de novo review" in the absence of a request and justification (quoting ORAP 5.40(8)(c))). Accordingly, we review the trial court's legal conclusions for legal error and are bound by the court's findings, unless there is no evidence to support them; we presume that disputed facts in the record were decided consistently with the court's ultimate conclusion. State v. D.R., 239 Or. App. 576, 579, 244 P.3d 916 (2010); State v. S.T.S., 236 Or.App. 646, 655, 238 P.3d 53 (2010).
A discussion of the facts in this case would not benefit the bench, the bar, or the public. Suffice it to say that, even under a non-de novo standard of review and drawing all facts and inferences most favorably to the state, the evidence in the record in this case is legally insufficient to support a finding that appellant probably "`would not survive in the near future because [she] is unable to provide for basic personal needs.'" State v. A.M.-M., 236 Or.App. 598, 603, 238 P.3d 407 (2010) (quoting State v. Bunting, 112 Or.App. 143, 146, 826 P.2d 1060 (1992)); see also State v. B.C., 235 Or.App. 412, 416, 233 P.3d 445 (2010) (concluding that trial court erred in committing appellantwho suffered from bipolar disorder, had exhibited "erratic and threatening behavior," and "could not articulate any plan for how she would obtain shelter or food in the time before her next *991 benefit check was to arrive"based on her inability to provide for basic personal needs).
Reversed.