Submitted October 15, reversed December 17, 2014

In the Matter of S. R.,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

S. R.,
*Appellant.*

Yamhill County Circuit Court
14CC00072; A156167

341 P3d 160

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Hadlock, Judge, and Wollheim, Senior Judge.

LAGESEN, P. J.

**LAGESEN, P. J.**

Appellant seeks reversal of an order of involuntary commitment under ORS 426.130. The trial court entered the order based on its conclusions that appellant was a danger to herself and that she was unable to meet her basic needs as a result of her poor hygiene, weight loss, and resistance to medications. On appeal, we view the evidence in the light most favorable to the trial court's decision, and we review for legal error the trial court's determination that the evidence is legally sufficient to support appellant's civil commitment. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). Applying that standard, we reverse the order of commitment.

As an initial matter, the state concedes that the evidence is legally insufficient to support the trial court's determination that appellant is a danger to herself. Based on our review of the record, we accept the state's concession on that point. The remaining question is whether the evidence is legally sufficient to support the trial court's determination that appellant is unable to meet her basic needs. As we have explained,

> "[t]he legislature's 'basic needs' commitment standard focuses on the capacity of the individual to survive, either through his own resources or with the help of family or friends. The state must establish by clear and convincing evidence that the individual, due to a mental disorder, is unable to obtain some commodity (*e.g.*, food and water) or service (*e.g.*, life-saving medical care) without which he cannot sustain life."

*State v. Bunting*, 112 Or App 143, 145, 826 P2d 1060 (1992). Thus, to support a basic-needs commitment, the state's evidence must demonstrate that a person's inability to meet his or her own basic needs as a result of a mental disorder makes it likely that the person will not survive in the near term. *Id.* at 146; *A. D. S.*, 258 Or App at 48.

Here, the evidence presented by the state does not meet that standard. What is missing from the record is evidence that would permit the conclusion that appellant's near-term survival was at risk at the time of the civil commitment hearing. Although the evidence supports the trial

court's finding that appellant's mental disorder has rendered her unable to maintain her home or her person in a clean and hygienic condition, as demonstrated by the fecal matter on the walls and surfaces of her apartment and under her fingernails, there is no evidence that appellant's hygiene problems created a likelihood the she would not *survive* in the near term. The most that can be concluded or inferred from the evidence in this record is that appellant's hygiene practices posed a health risk of indeterminate magnitude because of the bacteria contained in fecal matter. Absent evidence that appellant's hygiene deficits created a likelihood that she would not survive in the near future, those deficits cannot serve as a foundation for a basic-needs commitment.

Similarly, although the evidence also supports the trial court's finding that, as of the time of the hearing, appellant was losing weight, the record is devoid of evidence that appellant's weight loss was of such a degree that her survival was at risk. The same is true with respect to the evidence regarding appellant's failure to take prescribed medications. Again, although that evidence supports the trial court's finding that appellant was not always compliant with her medication regime, nothing in the record demonstrates that, absent medication, appellant's ability to survive is in jeopardy.

In sum, appellant's mental disorder may impair her ability to care for herself. But, although "the state need not postpone action until the individual is on the brink of death," a person cannot be civilly committed simply because her ability to care for herself is impaired in some respect. *Bunting*, 112 Or App at 145. Instead, a person's ability to provide for her basic needs must be impaired by her mental disorder to such a degree that she is "at risk of death in the near future." *A. D. S.*, 258 Or App at 49; *see Bunting*, 112 Or App at 146 (state must show that "there is a likelihood that the person probably would not survive in the near future because the person is unable to provide for basic personal needs"). The evidence in this case does not permit the conclusion that appellant's mental disorder impairs her ability to meet her basic needs to that degree.

Reversed.