Submitted December 4, 2015, reversed March 16, 2016

In the Matter of B. P. C.,
a Person Alleged to have a Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

B. P. C.,
*Appellant.*

Multnomah County Circuit Court
15CC00718; A158975

369 P3d 1243

Kenneth A. Kreuscher filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

PER CURIAM

**PER CURIAM**

In this civil commitment case, appellant seeks reversal of a judgment that committed him for a period not to exceed 180 days based on the court's finding that, because of a mental disorder, he was unable to provide for his basic needs. *Former* ORS 426.005(1)(e)(B), *amended by* Or Laws 2015, ch 433, § 1, *renumbered as* ORS 426.005(1)(f)(B) (2015) ("'Person with mental illness' means a person who, because of a mental disorder, is * * * [u]nable to provide for basic personal needs and [is] not receiving such care as is necessary for health or safety."); ORS 426.130(1)(a)(C) (under certain circumstances, if the court determines by clear and convincing evidence that a person has a mental illness and is in need of treatment, the court may order commitment of the person). Appellant contends that the evidence was insufficient to support the court's determination. The state concedes that the evidence was not legally sufficient to support a determination that appellant was unable to meet his basic needs in a way that would result in an imminent, nonspeculative threat to his survival. *See State v. S. R.*, 267 Or App 618, 619, 341 P3d 160 (2014) ("[T]o support a basic-needs commitment, the state's evidence must demonstrate that a person's inability to meet his or her own basic needs as a result of a mental disorder makes it likely that the person will not survive in the near term."). We agree, accept the state's concession, and reverse.

Reversed.