Submitted April 5, 2017, affirmed December 11, 2019

In the Matter of D. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

D. S.,
*Appellant.*

Douglas County Circuit Court
16CC03165; A162412

454 P3d 6

William A. Marshall, Judge.

Joseph DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Egan, Chief Judge, and Linder, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant appeals a judgment committing her to the custody of the Oregon Health Authority for a period not to exceed 180 days. The trial court committed appellant on the ground that her mental illness made her unable to provide for her basic needs (and one additional ground). ORS 426.005(1)(f)(B). Appellant contends that the evidence is insufficient to support her commitment on either ground. We affirm because the evidence is sufficient to support the basic-needs commitment under our recent decision in *State v. M. A. E.*, 299 Or App 231, 448 P3d 656 (2019).

Our review is for legal error. *State v. S. R.*, 267 Or App 618, 619, 341 P3d 160 (2014). *M. A. E.* explained the standard for a basic-needs commitment under current ORS 426.005(1)(f)(B), under which appellant was committed:

"[A] person meets the 'basic needs' definition of a '[p]erson with mental illness' under ORS 426.005(1)(f)(B) if the person is unable to provide for his or her basic personal needs in a way that leaves the person at nonspeculative risk of 'serious physical harm'—meaning that the person's safe survival will be compromised—in the near future, even though that risk is not imminent."

*M. A. E.*, 299 Or App at 240 (second brackets in *M. A. E.*). There, we concluded that evidence that the appellant's mental illness would prevent her from obtaining food absent commitment was sufficient to support a basic-needs commitment. After noting that some of the evidence was too conclusory to support commitment, we explained that some was "barely" adequate:

"Nonetheless, other evidence in the record adequately—if barely—supports an inference that appellant would quickly suffer harm if she were released from the hospital, stopped taking her medications, and decompensated. Specifically, [appellant's treating psychiatrist] testified that providers like 'soup kitchens' would not be willing to serve appellant if she appeared in the psychotic, agitated, and violent state that likely would result if she were released. Moreover, [the psychiatrist] believes that appellant would not be able to make food arrangements for herself in that unmedicated state."

*Id.* at 241.

The record in this case contains evidence virtually identical to that we deemed "barely" adequate, but adequate nonetheless, in *M. A. E.* Specifically, it contains evidence permitting the finding that appellant would not be able to meet her food needs. Like the treating psychiatrist in *M. A. E.*, appellant's treating psychiatrist testified that, in his opinion, appellant would not "be able to go into a store, or a restaurant, or a shelter that provides social services and obtain what she needs to eat" and that she would not, in her condition, be able to obtain food, shelter, or medical care. Appellant's daughter, who had brought appellant to the hospital shortly before the commitment hearing, testified that, at that time, appellant lacked the ability to buy food for herself in the condition that she was in. Finally, similar to the evidence in *M. A. E.* that "soup kitchens" would not be willing to serve the appellant in her unmedicated state, the precommitment investigator here testified that appellant would not be able to act in "a normal enough manner to engage in transactions for food and shelter or other things that she would need to stay alive."

In sum, the evidence in this case is not materially distinguishable from that which *M. A. E.* held was sufficient to support a basic-needs commitment.

Affirmed.